Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5603 | **DATE** | 8/2/2001 |
| **CASE TITLE** | Robbie Chatman vs. Patricia Austin and Condell Medical Center, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [7] is denied. Plaintiff is granted an extension of time in which to effect proper service on the defendants. Plaintiff has until to 8/31/01 to properly serve defendants. Plaintiff is directed to follow the service of process rules set forth in Federal Rule of Civil Procedure 4.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG - 6 2001 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 01 AUG -3 AM 11: 26 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBBIE CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 99 C 5603 |
| v. | ) | |
| | ) | |
| CONDELL MEDICAL CENTER, et al., | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
AUG - 6 2001

### Background

Plaintiff Robbie Chatman, proceeding pro se, filed a complaint in this action against defendants, Condell Medical Center and Patricia (nee Austin) Keegan, for employment discrimination. Chatman's claim is based on alleged racial discrimination she experienced at Condell Medical Center. Defendants have filed a motion to dismiss the complaint, arguing: 1) that plaintiff failed to comply with Federal Rule of Civil Procedure 4; 2) that plaintiff failed to comply with 42 U.S.C. § 2000e-5(f)(1); and 3) that plaintiff "failed to present a short and plain statement of the claim, failed to state a claim upon which relief can be granted, merged counts, and failed to attach copies of the exhibits referenced in the complaint," in violation of Federal Rules 8 and 10. (Mtn. to Dismiss at 1).

The facts relevant to this motion, taken in the light most favorable to plaintiff, are as follows: Chatman lodged a complaint concerning the racial discrimination with the EEOC. On either May 28 or May 29, 1999, Chatman received a Dismissal and Notice of Right to Sue letter from the EEOC. Then, on August 27, 1999, Chatman filed with this court a complaint (using a

preprinted form for employment discrimination claims), and attached five documents that appear to be the original EEOC charges and attachments. On September 27, 1999, a summons was issued to plaintiff by the court as to defendant Condell Medical Center. After discovering that the defendants had not been served (one year after the summons was issued), the court, at a hearing on September 28, 2000, instructed Chatman to properly serve the defendants according to the Federal Rules of Civil Procedure as soon as possible. To date, however, the court has not received proof of service of process as to any of the defendants. Defendants do admit, however, that on October 20, 2000, shortly after the hearing, they were given several documents. It is unclear what method of delivery was used for these documents. None of the documents claimed to be a complaint. It appears to the court that the documents given to defendants were the five documents, which included the original EEOC charges, that were attached to the complaint filed with the court. Apparently neither the complaint itself nor a summons was given to any of the defendants. No proof of service has been filed with the court, even as to these five documents. Defendants then filed the motion to dismiss presently before the court. Plaintiff responded by filing a brief in response to the motion to dismiss and mailing a copy of the actual complaint to the defendants, which was received by defendants on January 31, 2001.

## Analysis

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court should dismiss a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Cook v. Winfrey*, 141 F.3d

322, 327 (7th Cir. 1998) (citations omitted). The court must accept all well-pleaded factual allegations in the light most favorable to the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

Defendants make three arguments in favor of dismissal. First, they argue that Chatman failed to properly serve them within 120 days of the filing of the complaint, in violation of Federal Rule 4(m). Second, they argue that Chatman failed to file the complaint within 90 days of receiving the EEOC right to sue letter, as required by 42 U.S.C. §2000e-5(f)(1). Third, they argue that the documents they received on October 20, 2000, fail to meet the pleading requirements of Federal Rules 8 and 10. Defendants' third argument does not attack the sufficiency of the complaint that was actually filed with the court. Rather, it assumes that the court will treat the five documents received by defendants in October as the "complaint," and challenges the sufficiency of those documents as pleadings. As such, the third argument is really an attack on the sufficiency of service of process. In other words, the defendants are really complaining that they did not receive the actual complaint filed with the court until plaintiff finally sent a copy in January 2001, in response to the motion to dismiss. Thus, the third argument will be considered in connection with the service of process issue.

### *Service of Process*

Defendant first argues that Chatman failed to properly serve them within 120 days of the filing of the complaint, as required by Federal Rule 4(m). Plaintiff's complaint was filed on August 27, 1999. Plaintiff's delivery of the five documents in October, 2000, as well as plaintiff's mailing of the actual complaint in January, 2001, were clearly beyond the time limit

set forth in Rule 4(m). Moreover, it appears that neither of these acts complied with the service of process rules set forth in Federal Rule 4. Plaintiff has filed neither an affidavit from a process server, nor a return of service from the defendants acknowledging service. Nonetheless, the court may grant Chatman an extension of time to effect service of process if she can show "good cause for [her] failure" to comply with the 120 day requirement. Fed. R. Civ. P. 4(m).

Initially, the court notes that Chatman filed this suit without the assistance of counsel. While not sufficient to establish good cause in itself, Chatman's pro se status entitles her to a "certain degree of leniency so as [her] case is justly resolved on its merits rather than on the basis of procedural technicalities to the extent possible." *Taylor v. Illinois State Police*, No. 92 C 6479, 1993 WL 479008, at *2 (N.D. Ill. Nov. 17, 1993) (citations omitted). As the Seventh Circuit has stated, "while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996). Several courts in this circuit have therefore interpreted "good cause" liberally in cases where pro se plaintiffs have made good faith efforts to comply with Rule 4's service of process requirements. *Id.* (listing cases). Specifically, courts have found "good cause" where a plaintiff relies on the advice, services, or statements of a clerk's office employee or other court personnel. *See id.*; *Campbell v. Illinois Dep't of Corr.*, 907 F. Supp. 1173, 1177-78 (N.D. Ill. 1995); *Poulakis v. Amtrak*, 139 F.R.D. 107, 108 (N.D. Ill. 1991); *Patterson v. Brady*, 131 F.R.D. 679, 684-85 (S.D. Ind. 1990) (finding good cause where "the fault for failure to serve rested 'squarely on the Clerk's office.'") (citation omitted).

4

Here, Chatman claims that "[t]he Court clerks worked with her to complete the appropriate forms and properly serve the Defendants." (Response at 3). Chatman's statement implies that she followed the instructions of the clerk's office personnel regarding service of process, thus making a good faith effort to comply with the service requirements. Although Chatman has not provided evidence that this happened, other than her own unsworn statement, courts have previously accepted unsworn statements explaining the reasons for failure to comply with Rule 4(m). *See Poulakis*, 139 F.R.D. at 108. The court finds that Chatman has shown good cause for failure to comply with the 120 day limit. Chatman is therefore given an extension to August 31, 2001 to effect proper service on the defendants. Although such a lengthy delay in service concerns the court, similar delays were found acceptable in *Campbell* and *Patterson*. *Campbell*, 907 F. Supp. at 1178 (two years); *Patterson*, 131 F.R.D. at 681 (20 months). The court concludes that such a delay is acceptable in this case as well, given the record before the court. Although the case was filed nearly two years ago, the defendants have been actually aware that Chatman intended to sue them, and the nature of her claims since October, 2000, when the EEOC documents were delivered to them. At the very least, defendants admit that they received a copy of the complaint in January, 2001. Moreover, defendants' counsel represented defendants with respect to the EEOC charge, making defendants aware of the nature of Chatman's grievances since before this action was commenced. It appears to the court that the prejudice to defendants arising from the delay is minimal. If defendants were truly concerned about losing evidence or witnesses due to a delay in the proceedings, they could have simply waived formal service of process. As the Seventh Circuit has stated, Congress intended the 120 day requirement

"to be a useful tool for docket management, not an instrument of oppression." *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990) (internal quotation marks and citation omitted) *cited in Taylor*, 1993 WL 479008, at *2. Here, it seems that defendant might be attempting to take advantage of Chatman's inexperience and ignorance of the service of process rules to avoid liability on a technicality.

The court now turns to the defendants' third argument, that the "complaint" delivered to them in October, 2000, fails to comply with Federal Rules 8 and 10. Because the court grants Chatman an extension of time to properly serve defendants with the actual complaint, defendants' attacks on the sufficiency of the EEOC documents under Rules 8 and 10 are moot.

### *Statute of Limitations*

Defendants' second argument is that Chatman's claims are barred by 42 U.S.C. §2000e-5(f)(1). That statutory provision states that a civil complaint for employment discrimination must be filed within 90 days of a plaintiff's receipt of a right to sue letter from the EEOC. Defendants argue that plaintiff's complaint was untimely becuase she received her right to sue letter on May 28, 1999, but did not file her complaint until August 27, 1999 -- 91 days later. Plaintiff contends that she did not receive her right to sue letter until May 29, 1999. Defendants suggest that she probably received it on the 28th, because that is when defendants received their copy. Plaintiff responds by pointing out that she resides in Oak Park, Illinois, while both the EEOC office and the defendants' counsel's office are located in downtown Chicago. Even absent this observation, it is quite possible that it would take one more day for a letter to reach one address than another. On a motion to dismiss, the court is to resolve all factual disputes in

6

favor of the non-moving party. Thus, the court will assume that Chatman did not receive her letter until May 29, 1999, making her filing timely, but with no days to spare.

Defendants argue that even if Chatman did not receive the letter until the 29th, her filing was still untimely under 42 U.S.C. §2000e-5(f)(1), because her filing fee was not paid until September 10, 1999. Chatman filed a motion to proceed in forma pauperis along with her complaint on August 27. That motion was pending for four days, until August 31, when this court denied it for Chatman's failure to submit a financial affidavit. Ten days later, on September 10, Chatman paid the filing fee. Although defendants admit that the four days during which the motion was pending should not count against Chatman, they argue that the clock started ticking again on the day the motion was denied. Since plaintiff filed her complaint with no time to spare, defendants argue, plaintiff's filing was untimely.

The defendants' argument raises an issue that has yet to be resolved by the Seventh Circuit: Should the clock be tolled for a reasonable time after denial of a motion to proceed IFP to allow the plaintiff to pay the filing fee where the plaintiff lodged the complaint and application to proceed IFP with little or no time to spare? This question was expressly left open by the Seventh Circuit in *Williams-Guice v. Board of Educ. of the City of Chicago*, 45 F.3d 161, 165 (7th Cir. 1995). There, the court recognized the two possible answers to the problem:

> One potential anser is: "Tough luck, that's a consequence you accepted by waiting until the eleventh hour to file the complaint and seeking a dispensation to which you were not entitled." ...
> Another potential answer, however, is that the time remains in suspension for a reasonable time – perhaps a time defined by local rules – after the district court's order.

7

*Id.* at 165. In this district, Local Rule 3.3(e) provides a plaintiff 15 days, or such other time as may be fixed by the court, to pay the filing fee after an IFP application has been denied. Since *Williams-Guice*, at least one court within this circuit has decided that the statute should be tolled for a reasonable time after an IFP application is denied. *See Bailey v. Gilmore*, 5 F. Supp. 2d 587, 591 (N.D. Ill. 1998); *see also Rounds v. Milwaukee County Comm. Corr. Ctr.*, 862 F. Supp. 232, 234 (E.D. Wis. 1994) (decided before *Williams-Guice*, but arriving at the same conclusion). The *Bailey* court's reasoning included an observation that *Williams-Guice* "strongly suggests" that the statute be tolled for a reasonable time. *Bailey*, 5 F. Supp. 2d at 591. This court disagrees with that interpretation of *Williams-Guice*, because the language of *Williams-Guice* suggests that there are two, equally plausible possibilities. Nonetheless, this court agrees with the result reached in *Bailey*. Chatman acted promptly to pay the filing fee after her IFP application was denied. Starting the clock on the date that the IFP was denied would mean that Chatman's claim would probably already have been time-barred by the time she received notice that her IFP application had been denied. Providing Chatman a few days to get notice of the denial and come up with the filing fee is, in this court's opinion, a more equitable outcome than simply saying to this pro se plaintiff, "tough luck, you should have either lodged your complaint earlier or chosen not to submit an IFP application." The statute of limitations under Title VII is not jurisdictional. *Williams-Guice*, 45 F.3d at 165. Thus, courts have "some power to accommodate postal delays and other frictions within the system of litigation." *Id.* This court chooses to exercise that power and toll the 90 day statute of limitations for a reasonable period after the denial of Chatman's IFP application, in order to allow Chatman to pay her filing fee. She paid within 10 days, less than

the time permitted under Local Rule 3.3(e). Thus, the court finds that Chatman's claims are not time-barred under 42 U.S.C. §2000e-5(f)(1).

## Conclusion

For the foregoing reasons, defendants' motion to dismiss is denied. Chatman is instructed to effect proper service of process on the defendants by August 31, 2001. The court directs Chatman to Federal Rule of Civil Procedure 4 for the rules governing service of process.

ENTER:

Joan B. Gottschall
United States District Judge

DATE: August 2, 2001